The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Yaitza Rodriguez

**(b)** County of Residence of First Listed Plaintiff: **Northampton County**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Peter A. Dorn, Esquire - Morgan & Moran
2005 Market Street, fl 6, Philadelphia, PA 19103

## DEFENDANTS
United States of America D/B/A United States Postal Service

County of Residence of First Listed Defendant: **District of Columbia**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [x] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [x] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [x] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS**

*PERSONAL INJURY*
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [x] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

*PERSONAL INJURY*
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

*PERSONAL PROPERTY*
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**CIVIL RIGHTS**
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

**PRISONER PETITIONS**

*Habeas Corpus:*
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty

*Other:*
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*
- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. §1391(e)

Brief description of cause:
Plaintiff was a driver in a motor vehicle accident

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $ 

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [x] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____  DOCKET NUMBER _____

DATE: 2/13/26

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: Pennsylvania

---

*RELATED CASE IF ANY:* Case Number:_____ Judge:_____

1. Does this case involve property included in an earlier numbered suit? Yes ☐

2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit? Yes ☐

3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit? Yes ☐

4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual? Yes ☐

5. Is this case related to an earlier numbered suit even though none of the above categories apply? Yes ☐
   If yes, attach an explanation.

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

*A. Federal Question Cases:*

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Wage and Hour Class Action/Collective Action
☐ 6. Patent
☐ 7. Copyright/Trademark
☐ 8. Employment
☐ 9. Labor-Management Relations
☐ 10. Civil Rights
☐ 11. Habeas Corpus
☐ 12. Securities Cases
☐ 13. Social Security Review Cases
☐ 14. Qui Tam Cases
☐ 15. Cases Seeking Systemic Relief  *see certification below*
☐ 16. All Other Federal Question Cases. *(Please specify)*:_____

*B. Diversity Jurisdiction Cases:*

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☒ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury (*Please specify*):_____
☐ 7. Products Liability
☐ 8. All Other Diversity Cases: *(Please specify)*_____
          _____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

[X]  Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

[ ]  None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

**MORGAN & MORGAN**
Peter A. Dorn, Esq. #310653                                   *Attorney for Plaintiff*
2005 Market Street, Suite 600
Philadelphia, PA 19103
t. 445.201.8577
f. 445.201.8677
peter.dorn@forthepeople.com

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **YAITZA RODRIGUEZ**<br>**Plaintiff**<br>v.<br><br>**UNITED STATES OF AMERICA d/b/a UNITED STATES POSTAL SERVICE**<br>**Defendant.** | Case No.:<br><br><br>**CIVIL ACTION – LAW**<br>**JURY TRIAL DEMANDED** |

### PLAINTIFF'S COMPLAINT – CIVIL ACTION
### MOTOR VEHICLE ACCIDENT

Plaintiff, Yaitza Rodriguez, by and through her undersigned counsel, Peter A. Dorn, Esquire and the law firm Morgan & Morgan Philadelphia PLLC, assert a cause of action for negligence against the above captioned Defendants, and in support thereof avers as follows:

### THE PARTIES

1. Plaintiff, Yaitza Rodrigeuz (hereinafter "Plaintiff") is an adult individual who resides at 525 Jackson St., Bethlehem, PA 18015.

2. Defendant, United State of America d/b/a United States Postal Service (hereinafter "Defendant USPS"), is an officer or employee or agency of the United States of America, acting in its/their official capacity at all times herein, with a headquarters at 475 L'Enfant Plaza SW, Washington, D.C. 20590.

**JURISDICTION**

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1391(e) because a substantial part of the events or omissions giving rise to the claim occurred in the present judicial district.

4. Plaintiff is a citizen of the Commonwealth of Pennsylvania.

5. Defendant USPS is an officer or employee or agency of the United States acting in its/their official capacity at all times herein.

6. This Court has personal jurisdiction over the Defendants because the Defendants had sufficient contacts with the forum state, chiefly by way of presence, as well as the fact that the Defendants' activities that gave rise to the cause of action occurred within Pennsylvania.

7. Venue is proper in this forum pursuant to 28 U.S.C. §1391(b)(3) because Defendant is subject to this Court's personal jurisdiction.

**FACTUAL BACKGROUND**

8. At all times relevant hereto, Joseph Papoutsakis, was the operator of United States Postal Service vehicle license plate number 225425 (hereinafter the "subject post office vehicle").

9. At all times relevant hereto, Joseph Papoutsakis, operator of the Postal Service Vehicle, was acting within the course and scope of his employment with the Defendant USPS, in the furtherance of the business interests and objectives of the Defendant USPS, and with the actual and/or implied authority of the Defendant USPS.

10. At all times relevant hereto, Plaintiff was the permissible operator of a 2018 Lexus ES330 Automobile with Pennsylvania License Plate No.: LVF3019.

11. On approximately January 15, 2024, at approximately 11:56 a.m., Plaintiff was stopped in the southbound lane of on Hayes Street in Bethlehem City, Northampton County, Commonwealth of Pennsylvania, approaching the intersection of East 6th Street.

12. At the same time and place, Joseph Papoutsakis, while in the course and scope of his employment with Defendant USPS, suddenly and unexpectedly crashed the Defendant USPS into Plaintiff's vehicle.

13. As a direct and proximate result of the Defendant's negligence as described herein, Plaintiff suffered serious and permanent injuries and damages.

14. This crash was in no way caused or contributed to by the Plaintiff and was solely caused by the Defendants in the manner set forth herein.

15. The conduct of Defendant rises to the level of outrageous conduct in that the Defendant's Operator, Jospeh Papoutsakis, was driving under the influence of alcohol and willfully and recklessly ignored the known safety hazards associated with driving a commercial vehicle in an unsafe manner and under the influence of alcohol, which caused Plaintiff's serious and permanent injuries.

16. As a direct and proximate result of the careless and negligent, grossly negligent, and other liability-producing operations of the subject postal office vehicle of the Defendant herein, Plaintiff was caused to sustain serious and permanent injuries whereby body part(s) or organ(s) or both have not healed to function normally and will not heal to function normally with further medical treatment, which injuries requires medical treatment, caused pain and suffering, disability and impairment and the loss of enjoyment of life and incapacitated plaintiff from pursuing normal employment and other usual activities and will in the future require additional medical treatment and result in continuing pain and suffering, disability and impairment and loss

of enjoyment of life.

17. As a direct and proximate result of the aforementioned injuries sustained due to the negligence of the Defendant herein, Plaintiff was required to undergo significant medical treatment, which, as of the date of this filing, is continuing into the future.

18. As a further result of her injuries, Plaintiff has suffered severe physical pain, mental anguish, and embarrassment and humiliation, and may continue to suffer the same for an indefinite time into the future.

19. As a further result of her injuries, Plaintiff has or may be obliged to expend various sums of money for medical treatment, surgeries, injections, medicines, osteopathic services, diagnostic testing, nursing and psychological care, certain prosthesis, other medical equipment, and replacement services and which are not covered by, or which are in excess of any applicable medical benefits.

20. As a further result of the accident aforementioned, Plaintiff has or may hereafter incur other financial expenses or sustain losses including but not limited to work loss and loss of earning capacity which do or may exceed amounts that Plaintiff may otherwise be entitled to recover.

21. The aforementioned conduct of the Defendant foreseeably caused a high degree of risk of serious physical injury to other motorists, including Plaintiff, and which caused Plaintiff's severe personal injuries as set forth herein.

22. Plaintiff's injuries and damages were caused solely by the acts of the Defendant jointly and/or severally and/or through their joint and individual agents, servants, workmen, and/or employees as hereinbefore and hereinafter set forth.

23. Plaintiff's injuries and damages were not caused by any act or omission on the part

of Plaintiff or any other individuals and/or entity.

24. Plaintiff is eligible to seek full financial compensation for non-economic loss claimed and economic losses sustained in a motor vehicle accident as a consequence and result of the fault of others, the defendant herein, pursuant to applicable tort law.

## COUNT I
## YAITZA RODRIGUEZ vs. UNITED STATES POSTAL SERVICE

25. The Plaintiff herein incorporates by reference the preceding paragraphs as if same were set forth at length herein.

26. At all times relevant hereto, Defendant USPS employed, supervised, and trained the operator of the subject post office vehicle, Joseph Papoutsakis.

27. The negligence and carelessness of Defendant USPS, as being liable for the actions of its driver, Joseph Papoutsakis, under theories of vicarious liability, *respondeat superior*, and agency, consisted of, but is not limited to the following:

   a. Failing to maintain proper and adequate control of the subject post office vehicle so as to avoid crashing into Plaintiff;

   b. Failing to maintain a safe and assured clear distance;

   c. Failing to yield to traffic with the right-of-way;

   d. Merging into traffic without the proper clearance or right-of-way;

   e. Failing to pay proper attention while operating the subject post office vehicle;

   f. Failing to take proper precautions in the operation of the subject post office vehicle so as to avoid the collision that occurred;

   g. Operating the subject bus in a negligent and careless manner without due regard for the rights and safety of the Plaintiff;

   h. Failing to have the subject post office vehicle under such control that it could be readily stopped, turned aside or the speed thereof slackened upon the appearance of danger;

    i. Failing to remain alert;

    j. Failing to make necessary and reasonable observations while operating the subject post office vehicle;

    k. Failing to take evasive action and/or failing to take appropriate and timely evasive action in order to avoid striking another vehicle;

    l. Failing to timely and properly apply his brakes;

    m. Violating both the written and unwritten policies, rules, guidelines and regulations of the United States Postal Service;

    n. Acting with a conscious disregard for the rights and safety of the Plaintiff;

    o. Failing to properly formulate, adopt, implement, and enforce adequate rules and policies to ensure the safe condition and operation of all vehicles, including the subject vehicle;

    p. Operating post office vehicle while under the influence of drugs and/or alcohol.

28. For the reasons set forth above, the operation of Defendant USPS's postal office vehicle represented a foreseeable and unreasonable risk of danger to other vehicles on the roadway, including the vehicle occupied by Plaintiff.

29. As a direct and proximate result of the negligence and carelessness of the Defendant, Plaintiff sustained serious and permanent injuries and damages, as previously described.

30. The Defendant is jointly and severally liable for the injuries and damages of Plaintiff.

**WHEREFORE**, Plaintiff prays for judgment in Plaintiff's favor and against Defendant USPS, in an amount in excess of the jurisdictional threshold, plus all costs and other relief this court deems necessary.

                                **MORGAN & MORGAN**

BY: _____
                 Peter A. Dorn, Esquire
                 *Trial Counsel for Plaintiff*

DATE: February 23, 2026

**MORGAN & MORGAN**
Peter A. Dorn, Esq. #310653        *Attorney for Plaintiff*
2005 Market Street, Suite 600
Philadelphia, PA 19103
t. 445.201.8577
f. 445.201.8677
peter.dorn@forthepeople.com

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| YAITZA RODRIGUEZ **Plaintiff** v. UNITED STATES OF AMERICA d/b/a UNITED STATES POSTAL SERVICE **Defendant.** | Case No.: **CIVIL ACTION – LAW** **JURY TRIAL DEMANDED** |
|---|---|

### NOTICE OF PRESERVATION OF EVIDENCE

PLAINTIFF HEREBY DEMANDS AND REQUESTS THAT DEFENDANT(S) TAKE NECESSARY ACTION TO ENSURE THE PRESERVATION OF ALL DOCUMENTS, COMMUNICATIONS, WHETHER ELECTRONIC OR OTHERWISE, ITEMS AND THINGS IN THE POSSESSION OR CONTROL OF ANY PARTY TO THIS ACTION, OR ANY ENTITY OVER WHICH ANY PARTY TO THIS ACTION HAS CONTROL, OR FROM WHOM ANY PARTY TO THIS ACTION HAS ACCESS TO, ANY DOCUMENTS, ITEMS, OR THINGS WHICH MAY IN ANY MANNER BE RELEVANT TO OR RELATE TO THE SUBJECT MATTER OF THE CAUSES OF ACTION AND/OR THE ALLEGATIONS CONTAINED IN THIS COMPLAINT.

                                                          **MORGAN & MORGAN**

                                          BY: _____
                                                         Peter A. Dorn, Esquire
                                                         *Trial Counsel for Plaintiff*

DATE: February 13, 2026

## **CERTIFICATION**

      Pursuant to Rule 4:5-1, I hereby certify, to the best of my knowledge, that the matter in controversy is not the subject of any other action pending in any court or the subject of a pending arbitration proceeding, nor is any other action or arbitration proceeding contemplated.

Respectfully submitted,<br>
**MORGAN & MORGAN PHILADELPHIA LLC**

By: _____
     PETER A. DORN, ESQUIRE

Dated: February 13, 2026

## **VERIFICATION**

I, ___Yaitza Rodriguez___, hereby state that I am the Plaintiff in the within action and that the facts set forth in this ___Civil Action Complaint___ are true and correct to the best of my knowledge, information and belief. To the extent that the language contained in the responses is that of counsel, Plaintiff has relied upon counsel in executing this verification. I understand that the statements in this Verification are made subject to the penalties of the court relating to unsworn falsification to authorities.

Signature: ___*Yaitza Rodriguez*___